UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATIONAL GRID COMMUNICATIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE TOWN OF LENOX AND LENOX ZONING BOARD OF APPEALS, <br><br> Defendants. | Civil Action No. 3:05 cv 30131 MAP |

## MEMORANDUM IN SUPPORT OF LENOX MEADOWS, LLC'S MOTION FOR LEAVE TO INTERVENE AS A DEFENDANT

Lenox Meadows, LLC ("Lenox Meadows") submits this Memorandum in Support of its Motion for Leave to Intervene as a Defendant in the above-captioned matter.

### INTRODUCTION

On April 7, 2004, Tower Ventures II, LLC ("Tower Ventures"), with Omnipoint as a co-applicant, (collectively, "Petitioners") applied before the Town of Lenox ("Town" or "Lenox") Zoning Board of Appeals ("ZBA") for a special permit and six variances for the construction of a 130-foot self-supporting monopole telecommunications tower, with associated equipment, on land owned by Murray and Karel Rose at 30 Lee Road in Lenox, Massachusetts. The 30 Lee Road location is in a residential (R-1A) zone, and is not within the Town of Lenox's Wireless Telecommunications Overlay District. In October, 2004, National Grid Communications, Inc. ("National Grid") acquired substantially all of the assets of Tower Ventures, and now stands as Plaintiff in this action.

The Lenox ZBA conducted public hearings on June 16, 2004, August 18, 2004, September 14, 2004, November 17, 2004, February 2, 2005, March 9, 2005, and April 6, 2005. At these hearings, eight neighbors and abutters spoke in opposition to the tower based on its location in a residential district, its requirement of numerous variances from the Lenox Zoning Bylaw, and its visibility above the tree-line in a rural area.  The Lenox Planning Board submitted a recommendation against the facility because of its location outside the Overlay District and, the Lenox Conservation Commission noted that the tower should be moved farther from the wetlands that exist on the property.  Ultimately, the Lenox ZBA denied the special permit.  The Lenox ZBA ruled that: (1) no substantial gap in telecommunication service had been shown, in part because the Petitioners had based their coverage maps on a more stringent service standard than the standard of the town Bylaws, and (2) Petitioners had not adequately investigated all reasonable alternatives to the proposed tower.  Although the variances requested were admittedly moot, the Lenox ZBA ruled on them, denying three and granting three.

## THE PRESENT CASE

National Grid appealed the Lenox ZBA's findings to this Court, arguing a violation of the provisions of the Telecommunications Act of 1996 (the "TCA") governing mobile services, 47 U.S.C. § 332 et seq.  Very recently, the Town of Lenox and the Lenox ZBA have apparently agreed to a judgment which would allow construction on a parcel of land directly abutting the property of Lenox Meadows.  Lenox Meadows, as a direct abutter to the proposed tower, asserts its rights under Fed. R. Civ. P. 24 based on its interest in the subject matter of this action, in the proper interpretation and application of zoning laws and the TCA, and because the current parties do not adequately represent its interests – indeed, by the Agreement of Judgment that is planned, the Town of Lenox and the Lenox ZBA have now abandoned the defense of this case.

LIBA/1720369.2

**ARGUMENT**

1.  **Lenox Meadows Should Be Granted Leave To Intervene as a Matter of Right.**

Under Fed. R. Civ. P. 24(a)(2), a party may intervene, as of right, in an action if the party's application is timely, and (1) the party claims an interest related to the property or transaction which is the subject of the action; (2) disposition of the action may as a practical matter impair or impede the parties' ability to protect their interest; and (3) its interests are not adequately represented by existing parties to the action. Fed. R. Civ. P. 24(a)(2); Resolution Trust Corp. v. City of Boston, 150 F.R.D. 449, 451 (D. Mass. 1993).  Alternatively, parties may be permitted to intervene when their claim or defense has a question of law or fact in common with the main action, and no undue delay or prejudice to the original parties will result from the proposed intervention.  Fed. R. Civ. P. 24(b).

   A.   **Intervention as of Right**

As owners of approximately 35 acres of land which directly abuts 30 Lee Road in Lenox, Massachusetts (the proposed location for the National Grid telecommunications tower), Lenox Meadows is presumed, under state law, to be a party in interest and to be aggrieved by the placement of a non-conforming telecommunications tower at 30 Lee Road. M.G.L. ch. 40A, §§ 11, 17; Waltham Motor Inn v. LaCava, 326 N.E.2d 348 (1975).  Lenox Meadows, which has, from the beginning, opposed National Grid's efforts to construct its proposed 130-foot tower, will (even without the benefit of the presumption granted to abutters) be adversely impacted by the presence of National Grid's proposed tower.  The tower will be visible from the Lenox Meadows site and visible to Mr. and Mrs. Andrew Goldfarb who maintain a residence on the Lenox Meadows property.  Moreover, National Grid's access to the tower will apparently be over an easement on the Lenox Meadows property.  See Exhibits A and B, attached hereto.

3

The telecommunication tower, which is to be 130 feet in height and therefore plainly visible above the tree-line, is an eyesore and a detriment to the neighborhood. It will likely reduce the market value of the Lenox Meadows' property. See Quigley v. Winchester Hospital, Misc. Case No. 281991 (Mass. Super. (Land Court Div.) May 1, 2003) (abutters have an interest where their property values may be negatively affected by a non-conforming use); Butts v. Zoning Board of Appeals of Falmouth, 464 N.E.2d 108, 112 (abutter has interest in preventing expansion of non-conforming use on abutting property, and in preserving the view from his property). Given such circumstances, any disposition of this case, without giving Lenox Meadows an opportunity to be heard, would impair its ability to protect its property.

Lenox Meadows has a distinct interest in the subject matter of the action — namely, National Grid's construction of a 130-foot tower in proximity to the residence on the Lenox Meadows land. Conservation Law Foundation of New England, Inc. v. Mosbacher, 966 F.2d 39, 41 (1st Cir. 1992). In the First Circuit "there is no precise and authoritative definition of the interest required to sustain a right to intervene;" "no bright line of demarcation exists." Id. at 41-42. Where the interest asserted is "centered on the procedure provided for implementation of a . . . regulatory scheme," intervention should be allowed. Id.

Here, National Grid is seeking to build a telecommunications tower outside of the Town of Lenox's Wireless Telecommunications Overlay District despite its failure to show a substantial gap in telecommunication service and its failure to adequately investigate all reasonable alternatives to the proposed tower. See Town of Lenox Zoning Board of Appeals Decision. A non-conforming, and potentially dangerous, structure on abutting property will impact Lenox Meadows' property value, and perhaps the safety of its land.

Moreover, by the proposed Agreement for Judgment, the Town and the ZBA will cease defending this matter. Neither the Agreement of Judgment, nor the Town's or the ZBA's presence in this action, should they continue the action, will adequately protect Lenox Meadows' interests. One can overcome the presumption that a government agency represents the interests of its citizens, so as to make intervention unnecessary, if a divergence of interests exists between the government agency and the party seeking to intervene, or when there is evidence of collusion or nonfeasance by the government agency. Resolution Trust, 150 F.R.D. at 451. Private parties seeking to intervene have a lower burden than would another governmental entity or public interest group to show that the government party does not represent their interests. Id. at 453. To justify intervention as of right, the Intervenor must show only that representation of his interests by the current parties *may* be inadequate; it is not required that an intervenor show actual inadequacy. Conservation Law Fndn., 966 F.2d at 44. In the instant matter, the interests of the parties diverge such that the Town of Lenox and the Lenox ZBA cannot adequately represent Lenox Meadows; indeed, these "governmental agencies" do not necessarily have the same "ultimate goal." Resolution Trust, 150 F.R.D. at 451.

The facts indicate that neither the Town of Lenox nor the Town of Lenox ZBA's presence in this suit will adequately represent the interests of Lenox Meadows in this matter. While Lenox Meadows and the Defendants both have an interest in the Court upholding the ZBA's decision on this matter, their interests stem from wholly different concerns. The Town of Lenox and the Lenox ZBA are constrained by their conception of the public welfare, while Lenox Meadows has more "parochial" interests. See Conservation Law Fndn., 966 F.2d at 45. The Town of Lenox and the Lenox ZBA's intent is "not to prevent the construction of personal wireless facilities in Lenox, but rather to insure that such facilities truly fill services gaps and that

5

all appropriate, non-residential locations and tower heights are investigated when alternatives to proposed towers are considered." See Town of Lenox Zoning Board of Appeals Decision. As expressed, the ZBA has the task of balancing several interests at stake. On the one hand, there is the desire of individual home owners to be free of personal wireless facilities being constructed on property abutting theirs. On the other, there is the Town's need for adequate wireless telecommunications throughout the Town, the publics demand for sufficient coverage, and the need for compliance with the TCA which prohibits the Town from preventing personal wireless services to its residents. See 47 U.S.C. § 332, et seq. While the Town and the ZBA must weigh several interests, Lenox Meadows need not. Lenox Meadows' concerns are simply economic, aesthetic, and safety-minded, as well as interests in the implementation of the proper regulatory procedure. Thus, neither the Town of Lenox nor the ZBA can adequately represent Lenox Meadows' interests, and Lenox Meadows should be allowed to intervene pursuant to Fed. R. Civ. P. 24(a)(2).

  Furthermore, Lenox Meadows has an interest entirely distinct from any shared with the Town of Lenox or the ZBA. The residence at 30 Lee Road, the proposed location of the tower, has an easement over Lenox Meadows' property (the "Easement"). Lenox Meadows not only has an interest in its property value and its safety, but also an interest to insure that the Easement on its property is used in a manner consistent with proper use of the Easement. The installation of a 130-foot tower on abutting property, may cause the Easement to be used in a fashion outside the scope of what is allowed under the Easement. See Correspondence, attached hereto as Exhibit C.

Given the analysis above, and the Town's and the ZBA's apparent intention to abandon the defense of this action, Lenox Meadows has a right to intervene in this matter pursuant to Fed. R. Civ. P. 24(a)(2), and the Court should grant its Motion.

### B. Permissive intervention

Even if the Court were to find that Lenox Meadows may not intervene as of right under Fed. R. Civ. P. 24(a)(2), the Court should grant permission to intervene under Rule 24(b)(2). Lenox Meadows' interests are in common with the main action, and no undue delay or prejudice to the original parties will result from its intervention. See Fed. R. Civ. P. 24(b). First, Lenox Meadows raises questions of law and fact common to that in the main action: namely, whether the ZBA's decision "prohibits or [has] the effect of prohibiting the provision of personal wireless services" in violation of 47 U.S.C. § 332 (c) (7) (B) (i) (II) and whether the ZBA's decision was "supported by substantial evidence contained in a written record" as required by 47 U.S.C. § 332 (c) (7) (B) (iii). Second, Lenox Meadows' interests are not adequately represented by existing parties to the action. As discussed above, Lenox Meadows has more "parochial" interests than the Town of Lenox or the ZBA, as well as added concerns relating to the use of the Easement lying on its property and the tower's impact on its use. Finally, allowing intervention would not delay proper resolution of this issue or prejudice the existing parties to the action.

#### 1. Timeliness of Intervention

There is no bright line standard for determining what constitutes "timeliness" under Rule 24; rather, it is to be determined from all the circumstances. Public Citizen v. Liggett Group, Inc., 858 F.2d 775, 784-85 (1st Cir. 1988). The appropriate time to file a motion to intervene is when a party becomes aware that its interest in a case would no longer be adequately protected

by the parties. Id. at 785.  The decision by the Town of Lenox and the Lenox ZBA to abandon the defense of this case occurred only a few days ago.

### 2. No Undue Delay or Prejudice

There is no evidence that Lenox Meadows will unduly delay or prejudice the original parties to the action.  Intervention should be encouraged because the proposed Intervenor's claims will enhance the Court's understanding of the facts. Rodriguez v. Debouno, 1998 WL 542323, *3 (S.D.N.Y. 1998); Ellender v. Schweiker, 550 F. Supp. 1348, 1360 (D. N.Y. 1982) (intervention will not cause prejudice if it will contribute to the court's understanding of the facts).

WHEREFORE, Lenox Meadows respectfully request that the Court allow its Motion to Intervene.

Respectfully submitted,

Lenox Meadows, LLC

By its attorneys,

 /s/ Sheryl A. Koval
Anthony M. Feeherry (BBO # 160860)
Sheryl A. Koval (BBO # 657735)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617.570.1000

Dated: September 12, 2006

8

LIBA/1720369.2

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 12, 2006.

                                            /s/ Sheryl A. Koval
                                            Sheryl A. Koval

# EXHIBIT A



# EXHIBIT B

ROSE PROPERTY

LENOX MEADOWS LLC

- EXISTING ACCESS ROAD
- LIMITS OF ON THE GROUND INSTRUMENT SURVEY
- U/P #10
- U/P #8
- U/P #4
- PROPOSED 10' ACCESS DRIVE
- PROPOSED 130' MONOPOLE INSIDE 60'X60' FENCED COMPOUND
- 6' WIDE DRAINAGE CHANNEL
- PROPOSED 60'X60' LEASE AREA
- EXISTING WETLAND LINE (TYP.)
- AREA OF 10' CONTOURS (TAKEN FROM USGS MAP)

N

**SITE PLAN**
SCALE 1"=40'-0"
1
C-2

40  0  20  40  80  160

C-2

# EXHIBIT C

**GOODWIN | PROCTER**

Anthony M. Feeherry
617.570.1390
afeeherry@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

August 28, 2006

**BY CERTIFIED AND REGULAR MAIL**

Mr. Murray F. Rose
Mrs. Karel Rose
30 Lee Road
Lenox, MA 02140

Mr. Murray F. Rose
Mrs. Karel Rose
29 Farm Lane
Great Neck, NY 11020

Re: **National Grid Communications, Inc./Proposed Monopole Tower/ Lenox, MA**

Dear Mr. and Mrs. Rose:

This Firm has been engaged by Andrew and Rachael Goldfarb and Lenox Meadows, LLC to enforce their property rights with respect to easement rights which you claim over a portion of their property in Lenox, Massachusetts. The area of the easement is shown as a "gravel drive" on the attached diagram, which is a portion of a Plan of Land prepared for the Goldfarbs. It is our understanding that this easement has been referenced by, or on behalf of, National Grid Communications, Inc. in a recent application to the Town of Lenox. In that application, National Grid proposes to modify and use the easement for access onto your property in connection with the construction, operation and maintenance of a 130 foot monopole tower.

It is our opinion that the easement cannot be used by you or any other parties for access to any commercial use on your property and that any such use of the easement would be contrary to the intent, purpose and language of the easement. Notice is hereby given to you, to counsel for National Grid and to counsel for the Town of Lenox that it is our opinion that the use of the easement by any party to construct a wireless telecommunications tower on your property or to maintain such a structure is prohibited. Any efforts by you, National Grid or any other party to use or modify the easement in furtherance of a commercial use will constitute a trespass over the property of Lenox Meadows, giving rise to damages.

We intend to protect our clients' property rights and will initiate litigation, if necessary, to protect our clients and enjoin any unauthorized use of the easement area.

LIBA/1724754.1

# GOODWIN | PROCTER

Mr. Murray F. Rose
August 28, 2006
Page 2

We look forward to your prompt written response to this letter. Please advise us as to the name of the lawyer or law firm who will represent you in this matter.

Very truly yours,

Anthony M. Feeherry

Enclosure

cc:   Andrew Goldfarb

     Jerome J. Scully, Esq.
     Anthony C. Blair, Esq.
     Hannon, Lerner, Cowig, Scully & Bell
     184 Main Street
     Lee, MA 01238

     Kenneth I. Spigle, Esq.
     687 Highland Avenue, Suite 1
     Needham, MA 02494

