FILED
IN CLERK'S OFFICE

2006 NOV 13 A 9: 24

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN SECTION

| | |
|---|---|
| NATIONAL GRID COMMUNICATIONS, INC. ) | |
| ) | |
| Plaintiff ) | |
| ) | C.A. No. 05-30131-MAP |
| v. ) | |
| ) | |
| TOWN OF LENOX and ) | |
| LENOX ZONING BOARD OF APPEALS ) | |

## MEMORANDUM IN SUPPORT OF MOTION OF MOHAMED A. ZABIAN, JR. FOR LEAVE TO INTERVENE AS DEFENDANT

Mohamed A. Zabian, Jr. hereby submits this Memorandum of Law in support of the Motion for Leave to Intervene as Defendant.

### I. STANDARD OF LAW APPLICABLE TO A MOTION FOR LEAVE TO INTERVENE

**A. Four Part Test for Intervention by Right**

Fed. R. Civ. P. 24 (a)(2) states that a party may intervene:

> when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

As interpreted by the First Circuit Court of Appeals, Fed. R. Civ. P. 24 (a)(2) requires a party to meet four conditions: (1) a timely motion, (2) an interest relating to the property or transaction which is the subject of the action, (3) a risk that the action may impair the intervenor's ability to protect its interest, and (4) lack of adequate

representation by existing parties. *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 637 (1st Cir. 1989). As shown below, Mr. Zabian meets this four part test.

### B. Four Part Test for Timely Filing

In addition, the First Circuit has adopted a four part test to determine whether a party's intervention is timely. *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 784 (1st Cir. 1988). The court must consider:

> (1) the length of time the would-be intervenor knew or reasonably should have known that its interest was imperiled before it moved to intervene; (2) the foreseeable prejudice to the existing parties if intervention is granted; (3) the prejudice to the would-be intervenor if intervention is denied; and (4) exceptional circumstances which may militate against or in favor of allowing late intervention.

*Navieros Inter-Americanos, S.A. v. M/V Vasilia Exp.*, 120 F.3d 304, 321-22 (1st Cir. 1997). As shown below and in the Affidavit of Mr. Zabian, he meets the four-part criteria for timely filing.

### C. Standard for Permissive Intervention

In addition, the Court may allow Mr. Zabian to intervene under Fed. R. Civ. P. 24(b)(2). Permissive Intervention under Fed. R. Civ. P. 24(b)(2) is allowed when the applicant's main claim or defense and the main action have a question of law or fact in common and the intervention does not unduly delay or prejudice the rights of the original parties. As stated below, Mr. Zabian meets the criteria for permissive intervention as well.

## II. APPLICATION OF THE LEGAL STANDARDS TO THE FACTS OF THIS CASE

### A. Mr. Zabian Meets the Four Part Test for Intervention by Right

As noted above, the four factors that the Court must find for intervention by right are:

(1) a timely motion,

(2) an interest relating to the property or transaction which is the subject of the action,

(3) a risk that the action may impair the intervenor's ability to protect its interest, and

(4) lack of adequate representation by existing parties.

The timeliness of the motion is reviewed in Part B, below. As to the second and third criteria, there is no question that Mr. Zabian has an interest in the property in question and that dismissal of this case by granting the Plaintiff a special permit to construct the tower will adversely affect Mr. Zabian and his property. The trucks used to construct the access road and the tower will cross over his property to reach the Rose property. The small, gravel access road is the only access to his property and will likely be harmed by the construction and operation of the tower. See the Affidavit of Mohamed A. Zabian, Jr. ("Zabian Aff."), Para.s 3 and 4. The view of the proposed tower overhanging his property will adversely affect the value of his property. Zabian Aff. Para.s 5 and 6.

Mr. Zabian is the abutter of an abutter and within three hundred feet of the property line. Under the law of the Commonwealth of Massachusetts, he is a "party in interest" with the right to appeal a special permit granted to National Grid pursuant to Massachusetts General Laws c. 40A, Section 11. He is entitled to a presumption, as a matter of law, that he has sufficient interest to provide him with standing to appeal.

*Standerwick v. Zoning Board of Appeals of Andover*, 447 Mass. 20, 33 n.17 (2006)(parties in interest include abutters to abutters within three hundred feet of the property line). His interest under state law supports his assertion in this Motion that he has sufficient interest to be afforded the right of intervention in this case.

As to criteria four, which is the lack of adequate representation, the Town is clearly not concerned with the adequacy of the access road. Nor does the Town's interest in enforcing its zoning regulations adequately address the particular harm to Mr. Zabian's property from the impact of the tower. Zabian Aff., Para.s 5 and 6. The Town and the ZBA want to settle this case and they have not addressed the concerns of Mr. Zabian regarding the potential for damage to access to his property, the maintenance of the access road, or the impact of the tower on his property.

For similar reasons, the Lenox Meadows LLC has filed to intervene in this matter, and Mr. Zabian submits that the reasons that the Town does not represent the view of the abutters as set forth in the Lenox Meadow, LLC motion apply even more directly to his concerns, such as potential harm to the access road to his property.

**B. Mr. Zabian Meets the Timely Filing Test**

As noted above there are four criteria for the test for timely filing of a motion to intervene:

(1) the length of time the would-be intervenor knew or reasonably should have known that its interest was imperiled before it moved to intervene;

(2) the foreseeable prejudice to the existing parties if intervention is granted;

(3) the prejudice to the would-be intervenor if intervention is denied; and

(4) exceptional circumstances which may militate against or in favor of allowing late intervention.

The length of time that Mr. Zabian knew his interests had diverged from the Town (Criteria 1) is only a few days. Zabian Aff, Para. 8. He acted immediately and therefore meets the first criteria for timely filing. *See Nextel Communications of the MidAtlantic, Inc. v. Town of Hanson*, Docket No. 03-12563 (March 26, 2004)(Mass. D. Ct.)(intervention timely if motion to intervene filed once the movant realized the divergence in positions).

There is no foreseeable prejudice to the plaintiff (Criteria 2) if Mr. Zabian is allowed to intervene, except that the plaintiff may be required to address harm to Mr. Zabian's property from its proposed project. If the plaintiff shows there is no harm to Mr. Zabian's property, then there would be no prejudice to the plaintiff. If there is harm to Mr. Zabian's property, as Mr. Zabian asserts in his affidavit, then the plaintiff should not be permitted to escape from addressing this harm by arguing that this motion was not timely filed.

The foreseeable prejudice to Mr. Zabian (Criteria 3) is documented above and includes the inability to address concerns regarding the impact of the tower on his property value and the effect of construction and maintenance of the tower on the road that he uses to access his property.

Finally, Mr. Zabian has exceptional circumstances that militate in favor of being allowed to file for this intervention (Criteria 4). He acted as quickly as he could in the circumstances. He will suffer real harm if the intervention is not allowed. When the harm that is likely to be imposed upon Mr. Zabian's real property interests is

weighed against any inconvenience to plaintiff from some delay in resolving this case, it is clear that the balance favors allowing intervention.

### C. Mr. Zabian Meets the Test for Permissive Intervention

Pursuant to Fed. R. Civ. P. 24(b)(2), for permissive intervention, the Court should grant permission to intervene if it finds that the interests of Mr. Zabian are in common with the main action and no undue delay or prejudice will result from the intervention. In this case, Mr. Zabian joins with the Plaintiff in questioning whether the Town's decision is supported by substantial evidence on the record under 47 U.S.C. §§ 332(c)(7)(B)(iii). As noted above in Part II, B, adding Mr. Zabian as a party will not unreasonably delay the resolution of this case.

WHEREFORE, Mohamed A. Zabian, Jr. respectfully requests that this Court allow his Motion to Intervene as a Defendant in this proceeding.

Respectfully submitted,

Mohamed A. Zabian, Jr.
By his attorneys:

Dated: November 10, 2006

Elisabeth C. Goodman/ BBO, #543069
Ware & Goodman LLP
181 Main Street, P.O. Box 603
Williamstown, MA 01267
Phone: (413) 458-2700
Fax: (413) 458-2702