UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATIONAL GRID COMMUNICATIONS, INC., )<br>)<br>    Plaintiff    )<br>)<br>V.    )<br>)<br>TOWN OF LENOX and    )<br>LENOX ZONING BOARD OF APPEALS,    )<br>)<br>    Defendants    ) | C. A. NO. 05-30131-MAP |

PLAINTIFF'S OPPOSITION TO MOTION TO INTERVENE

Plaintiff National Grid Communications, Inc., hereby opposes the Motion to Intervene filed on behalf of Mohammed Zabian ("Zabian") on the ground that motion does not meet the requirements for intervention established by Rule 24, Fed.R.Civ.P.

SUMMARY OF FACTS

Over two and a half years ago, on April 7, 2004, National Grid Communications' predecessor-in-interest, Tower Ventures II, LLC, applied to the Lenox Board of Appeals for a special permit and for variances to allow the construction of a wireless telecommunications tower on property located at 30 Lee Road.  (See Complaint, para. 14; Answer, para. 14).  Public hearings on the proposal began in June, 2004, and continued through March, 2005.  (See Lenox Board of Appeals Decision (Exhibit A attached to the Complaint), page 1).  The proposed intervenor, Mr. Zabian, acknowledges that he was well aware of these proceedings; indeed, he states in his affidavit that he attended some of the sessions.  (See Zabian Affidavit, para. 7).

The Board of Appeals denied the application in April, 2005, and this appeal was filed in May, 2005. Pretrial proceedings, discovery, and settlement discussions proceeded thereafter. On September 12, 2006, the parties filed with this Court an Agreement for Judgment. On the same date, another neighbor moved to intervene in the case. (With the other neighbor's assent, the parties' response to that intervention motion, as well as Court action on the Agreement for Judgment, has been stayed by this Court while an alternate site location has been investigated and surveyed).

As of the date of Mr. Zabian's Motion to Intervene, this Court had granted the parties' October 27, 2006, Joint Motion to extend to November 17 the deadline for action on the Agreement for Judgment and on the other neighbor's intervention motion. The parties' October 27 Motion had noted the fact of the settlement, and explained that a new tower location was being surveyed and a new set of plans prepared. Prior to October 27, the parties had filed a joint motion for extension on October 12, noting the possible change in tower location, as well as a similar motion on September 25, which also mentioned possible changes in the tower design and location.

ARGUMENT

I.    THE MOTION TO INTERVENE DOES NOT COMPLY WITH RULE 24(c)

Rule 24(c), Fed.R.Civ.P., requires that any motion to intervene "shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought." The Zabian motion includes no such pleading, and therefore should be denied for failure to meet the minimal procedural

requirements of the Rule.  See, e.g., Abramson v. Pennwood Investing Corp., 392 F.2d 759, 761-62 (2nd Cir. 1968); cf. United States v. City of Milwaukee, 144 F.3d 524 (7th Cir. 1998).  The requirement of a pleading to accompany an intervention motion is not merely a procedural technicality; without such a pleading, the Court cannot judge the extent of the delay which would result from intervention, or the extent to which intervention would adversely affect the existing parties' rights.

II.       THE MOTION TO INTERVENE IS NOT TIMELY AND THE MOVING PARTY HAS NOT DEMONSTRATED ITS INABILITY TO OTHERWISE PROTECT ITS INTERESTS.

In order to intervene as of right under Rule 24(a), Fed.R.Civ.P., a proposed intervenor must satisfy each of the following four prerequisites: (1) a timely application; (2) a demonstrated interest in the property or transaction; (3) a showing that the disposition of the action threatens to impair or impede the intervenor's ability to protect its interest; and (4) a satisfactory showing that existing parties inadequately protect its interest. The applicant must "fulfill all four of these preconditions. The failure to satisfy any one of them dooms intervention.'" See Public Service Co. of New Hampshire v. Patch, 136 F.3d 197, 204 (1st Cir. 1998); see also NAACP v. New York, 413 U.S. 345, 364-369, L.Ed. 648, 93 S.Ct. 2591 (1973).  Here, the intervention motion was not timely filed, and the moving party's has not demonstrated its inability to protect its interests.

A.  The Filing Was Not Timely

This motion to intervene was filed thirty months after Mr. Zabian was aware of the proposed tower.  As Judge Woodlock wrote in a similar situation in

Nextel v. Hanson, 311 F.Supp.2d 342 (D. Mass. 2004), where intervention was deemed untimely when filed more than a year after the local zoning hearing began, the moving party "knew about the plans" and "his repeated presence at the . . . hearings suggests an ongoing involvement in and awareness of the progress of the application."  In Nextel v. Hanson, the applicant and the Town were in a dispute over the siting of the tower for about fifteen months, and Judge Woodlock concluded that "[t]his period is certainly of sufficient duration, and was marked by significant public debate, so as to have put any prospective intervenors on notice of the initial proceedings, and indeed the entirety of the prior action."  The same logic applies here, where there was significant awareness and involvement by Mr. Zabian, and where the dispute had gone on twice as long before the intervention motion was filed. [1]

B.  Failure to Demonstrate an Inability to Protect Interests

A second, independent basis for denying the Motion to Intervene is Mr. Zabian's failure to demonstrate that the interests he seeks to protect cannot adequately be protected without intervention.  The interests cited in the Motion and supporting materials appear to relate primarily to the interpretation of an easement which crosses Mr. Zabian's property, and the possibility of damage to his property due to the use of the easement in a manner which may or may not be permitted under the language of the easement.  Such real property disputes are not the proper subject of local zoning proceedings, or of appeals from such

---

[1] The same timeliness requirement bars permissive intervention under Rule 24(b), Fed.R.Civ.P.  In addition, Rule 24(b) calls upon the Court to consider whether intervention "will unduly delay or prejudice the adjudication of the rights of the original parties"; here, where action on the settlement agreement is imminent, permissive intervention will certainly "unduly delay" adjudication of the original parties' rights.

4

proceedings.  Under Massachusetts law, the appropriate forum for resolving disputes about easements is not a zoning proceeding.  See <u>Hahn v. Planning Board of Stoughton</u>, 24 Mass.App.Ct. 553 (Ma.App. 1987), <u>further appellate review denied</u>, 400 Mass. 1106 (1987), where the Court stated that "the planning board is not authorized to determine the existence of easements or to settle other property disputes."  <u>Cf</u>. 83 Am.Jur.2d, <u>Zoning and Planning</u>, § 1006, page 840 (1992)  ("restrictive covenants in a deed are distinct and separate from the provisions of a zoning law and have no influence or part in the administration of a zoning law.").

## CONCLUSION

Accordingly, Plaintiff opposes the Motion to Intervene, and respectfully requests that this Honorable Court deny it due to the moving party's failure to comply with the mandatory requirements of Rule 24(c), and his failure to file a timely motion as required by Rules 24(a) and 24(b), and his failure to demonstrate that his interests cannot otherwise be protected.

        Respectfully submitted,

        NATIONAL GRID
        COMMUNICATIONS, INC.,

        By:   */s/ Kenneth Ira Spigle*
        Kenneth Ira Spigle (BBO# 475220)
        687 Highland Avenue, Suite 1
        Needham, Massachusetts  02494
        (781) 453-3900
        Facsimile: (781) 453-0510

Dated: November 29, 2006

## CERTIFICATE OF SERVICE

    I hereby certify that I served a copy of the above Motion by first class mail, addressed to counsel for the Defendants, to counsel for proposed intervenor Lenox Meadows LLC, and to counsel for proposed intervenor Zabian, this 29th day of November, 2006.

                                                           */s/ Kenneth Ira Spigle*
                                                           Kenneth Ira Spigle